IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BONNIE HAMILTON                                                                                    PLAINTIFF

v.                                          Civil No. 4:23-cv-04048

IESHA MARIE MCNICHOLS                                                                      DEFENDANT

**ORDER**

Before the Court is Plaintiff Bonnie Hamilton's Motion to Remand. ECF No. 7. Defendant Iesha Marie McNichols has responded. ECF No. 11. Thus, the matter is ripe for the Court's consideration.

**I. BACKGROUND**

On March 17, 2023, Hamilton filed the instant action in Hempstead County, Arkansas Circuit Court. ECF No. 3. Hamilton alleges that McNichols negligently operated her vehicle, "str[iking] the driver side rear of the . . . [Hamilton's] vehicle" and causing Hamilton's vehicle to spin. ECF No. 3, at 2-3. Hamilton further alleges that she "suffered extensive bodily injury and property damage as a result of the collision." ECF No. 3, at 3. In her initial complaint, Hamilton mentions a third party, Waylon Jeffery Power.[1] Power was allegedly "travelling Eastbound in the Eastbound lane" and "coming toward [McNichols]," causing McNichols to "dart[] her car back into the right lane" and strike Hamilton's vehicle. ECF No. 3, at 2-3.

On April 25, 2023, McNichols answered Hamilton's complaint. ECF No. 4. As is relevant here, McNichols states that "[u]pon information and belief, Waylon Jeffery Power, . . . was the

---

[1] Hamilton did not name Power as a defendant in her initial complaint.

at-fault driver in the subject accident on which [Hamilton] bases her alleged claims." ECF No. 4, at 5. McNichols further states that Power was, at the time of the accident, "intoxicated with a BAC % of .151, and operating a motor vehicle, failed to maintain control of his vehicle and negligently impacted [Hamilton] . . . in the rear of her vehicle, resulting in a subsequent impact with [McNichols's] vehicle." ECF No. 4, at 5. That same day, on April 25, 2023, McNichols removed this action to the United States District Court for the Western District of Arkansas, relying on the Court's federal diversity jurisdiction. ECF No. 2; 28 U.S.C. § 1332.[2] On June 7, 2023, Hamilton filed an amended complaint, which now governs. ECF No. 15. In that amended complaint, Hamilton names Power as a defendant and states that the addition of Power "destroys total diversity." ECF No. 15, at 2.[3]

On May 4, 2023, Hamilton filed the instant Motion to Remand. McNichols responded in opposition. ECF No. 11. However, much of McNichols's response in opposition—which she filed before the Court granted Hamilton's motion for leave to amend her complaint—is written with the expectation that the Court would deny Hamilton's motion for leave to amend. For example, McNichols argues that Hamilton's motion to remand is "premature" and "seeks an advisory opinion." ECF No. 11, at 2 ("[Hamilton] asks the Court to decide the remand issue on a hypothetical state of facts that are not properly before the Court. Consequently, the remand motion should be denied."). McNichols then contends that 28 U.S.C. § 1447 requires the Court to deny Hamilton's motion, as "there is complete diversity of citizenship." ECF No. 11, at 2-3 (explaining that "[t]here are only two parties to this action, and they are citizens of Arkansas and New York,

---

[2]Hamilton alleges that she is a resident of Hempstead County, Arkansas, while McNichols is a resident of Kings County, New York.

[3]On May 3, 2023, Hamilton filed a motion for leave to amend her complaint, which the Court granted on June 6, 2023. ECF Nos. 6, 14.

respectively"). Only one of McNichols's arguments is not contingent on her expectation that the Court would deny Hamilton's motion for leave to amend: if the Court remands this action, the Court should award McNichols attorney's fees and costs. ECF No. 11, at 5. For the following reasons, the Court finds that remand of the instant action is appropriate and grants Hamilton's motion (ECF No. 11).

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010). This familiar diversity standard requires that "no defendant hold citizenship in the same state where any plaintiff holds citizenship." *Id.* (citation omitted). "A defendant may remove a case to federal court in diversity cases 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 947 (8th Cir. 2011) (quoting 28 U.S.C. § 1441(b)). The parties do not contest that Hamilton has sufficiently alleged an amount in controversy exceeding $75,000, and, instead, only contest whether diversity of citizenship exists.

The party asserting that federal subject-matter jurisdiction exists bears the burden of establishing, by a preponderance of the evidence, that diversity exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject-matter jurisdiction based on diversity of citizenship must be measured by the 'facts that existed at the time of filing.'" *Eckerberg v.*

*Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (citation omitted). "To determine intent, we rely on objective factors, including 'declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg*, 860 F.3d at 1085 (citation omitted); *see also Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir. 1965) ("Certainly no single factor can be singled out as conclusive. Rather all the facts must be considered in arriving at a determination of the question.").

Here, Hamilton alleges that she is a resident of Hempstead County, Arkansas, McNichols is a resident of Kings County, New York, and Power is a resident of Hempstead County, Arkansas. ECF No. 15, at 1-2. Based on this allegation, Hamilton and Power are both domiciled in Arkansas, and complete diversity does not exist. McNichols does not contest the fact of Power's domicile or otherwise present evidence to the contrary, such as "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property" showing that Power resides anywhere other than Hempstead County, Arkansas. *See Eckeberg*, 860 F.3d at 1085 (citation omitted). Thus, based on the record currently before the Court, the Court lacks subject matter jurisdiction over the instant matter and remands the action to state court.

As a final matter, McNichols requests an award of costs and expenses, including attorney's fees. ECF No. 11, at 5. As McNichols notes, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under

4

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Cambiano v. Kelsay*, No. 4:20-cv-01063, 2020 WL 7233067, at *3 (E.D. Ark. Dec. 8, 2020) (citation omitted). "Whether to award such costs and expenses is within the district court's discretion. *Rogers v. S. Design & Mech., Inc.*, No. 1:18-cv-01020, 2018 WL 3993396, at *4 (W.D. Ark. Aug. 21, 2018) ("A district court has considerable discretion in determining whether to award attorney's fees pursuant to 28 U.S.C. § 1447(c)." (citation omitted)).  McNichols has not demonstrated that any "unusual circumstances" exist. *See Cambiano*, 2020 WL 7233067, at *3. Further, McNichols was the removing party, so to find that "the removing party lacked an objectively reasonable basis for seeking removal" would be puzzling, at best. *Id.*  Accordingly, the Court, in its discretion, declines to award costs and expenses.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Hamilton's motion (ECF No. 7) should be and hereby is **GRANTED**.  This matter is immediately **REMANDED** to the Circuit Court of Hempstead County, Arkansas.

**IT IS SO ORDERED**, this 10th day of July, 2023.

                                                               /s/ Susan O. Hickey  
                                                               Susan O. Hickey  
                                                               Chief United States District Judge